UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO LANDEROS JIMENEZ,

        Plaintiff,

    v.

CHAD WOLF, et al.,

        Defendants.

Case No. 19-cv-07996-NC

**ORDER RE: PETITION FOR HABEAS CORPUS**

Re: Dkt. No. 1

Habeas petitioner Mario Landeros Jimenez has been detained by Immigration and Customs Enforcement ("ICE") since January 2019 pending removal proceedings. *See* Dkt. No. 1. According to Landeros Jimenez, respondent federal officers' failure to provide him with a bond hearing after holding him for nearly a year in custody is unlawful under the Fifth Amendment, Eighth Amendment, and Section 504 of the Rehabilitation Act. *Id.* Landeros Jimenez now seeks a writ of habeas corpus or, in the alternative, a bond hearing before an immigration judge ("IJ"). *Id.*

The Court GRANTS Landeros Jimenez's petition as to his first claim under the due process clause of the Fifth Amendment. Respondents must release Landeros Jimenez from custody or provide him with a bond hearing before an IJ within 30 days of this order. If the IJ does not issue a decision within 14 days of the bond hearing, Landeros Jimenez must be released from detention.

## I.    Factual Background and Procedural History

The relevant facts are not in dispute.  Landeros Jimenez is a Mexican citizen who most recently entered the United States in 2008.  *See* Dkt. No. 1, Ex. BB at 3.  In January 2018, Landeros Jimenez and his brother were arrested in Sacramento, California for possession of 47 pounds of methamphetamine for sale.  *Id.*, Ex. I at 4.  After he suffered a psychiatric break in the Sacramento County jail, Landeros Jimenez was involuntarily committed and diagnosed with schizophrenia.  *See id.*, Ex. K.  A year later, on January 16, 2019, Landeros Jimenez pled guilty to acting as an Accessory After the Fact, Cal. Pen. Code § 32, and was sentenced to three years in custody.  *Id.*, Ex. J.

Upon his release from Sacramento County Jail on January 17, 2019, for time served, Landeros Jimenez was detained by ICE and placed into removal proceedings at the Mesa Verde Detention Center.  *Id.*, Ex. A at 1.  Due to his history of schizophrenia, the immigration court spent the next five months resolving whether Landeros Jimenez was competent to proceed pro se.[1]  *See* Dkt. No. 12-2 ("Burgus Decl."), Ex. A at 6–8, 15; *id.* Ex. B at 4–5.  On May 3, 2016, after the IJ finally determined that Landeros Jimenez was competent to represent himself, Landeros Jimenez's current counsel appeared on his behalf.  *See id.*, Ex. D at 5–7.

On June 5, 2019, Landeros Jimenez appeared for a master calendar hearing.  *See id.*, Ex. E.  He conceded removability but sought asylum.  *Id.* at 5.  On July 19 and August 30, 2019, the IJ held two hearings on the merits of Landeros Jimenez's application for asylum.  *Id.*  In the meantime, Landeros Jimenez requested a custody redetermination hearing pursuant to *Franco-Gonzalez* and separately filed a motion for a bond hearing.  *See* Dkt. No. 1, Exs. Y, V.  The IJ denied both requests.  *See id.*, Exs. X, Y.  Landeros Jimenez appealed both decisions on August 2, 2019.  *See* Burgus Decl. ¶ 12.

---

[1] Pursuant to a class action settlement, an IJ must screen unrepresented individuals to determine whether they are mentally competent to represent himself.  *See Franco-Gonzalez v. Holder*, Case No. 10-cv-02211-DMG, 2014 U.S. Dist. LEXIS 156812, at *7–13 (C.D. Cal. Oct. 29, 2014).  If some evidence indicates that an individual may be incompetent, the IJ must then conduct a judicial competency inquiry.  *Id.* at *23–36.

On October 1, 2019, the IJ issued a written order denying Landeros Jimenez's asylum application.  *See* Dkt. No. 1, Ex. BB.  Landeros Jimenez's appeal of that order to the Board of Immigration Appeals ("BIA") is still pending.  *See id.*, Ex. CC.

On November 8, 2019, the BIA dismissed Landeros Jimenez's appeal of the IJ's bond decision.  *See id.*, Ex. F.  The BIA concluded that the IJ properly denied Landeros Jimenez's request for a *Franco-Gonzalez* custody redetermination hearing and did not have jurisdiction to consider his request for a bond hearing under 8 U.S.C. § 1226(c).  *Id.* at 2–3.  The BIA also noted that it lacked authority to determine whether Landeros Jimenez's detention was unconstitutional.  *Id.* at 3.

On December 5, 2019, Landeros Jimenez filed the habeas petition now before the Court.  *See* Dkt. No. 1.  All parties have consented to the jurisdiction of a magistrate judge.  *See* Dkt. Nos. 5, 10.

## II.    Discussion

### A.    Jurisdiction and Venue

As noted above, Landeros Jimenez is currently being held pursuant to 8 U.S.C. § 1226(c) in the Mesa Verde Detention Center, which lies outside this district.  Thus, a brief discussion of jurisdiction and venue is warranted.

The Court has jurisdiction under 28 U.S.C. §§ 1331, 2241 to consider constitutional challenges to Landeros Jimenez's continued detention under 8 U.S.C. § 1226(c).  *See Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("[I]t is clear that we have jurisdiction over petitioners' claims, as does the district court.").  Respondents do not argue otherwise or challenge the Court's jurisdiction in any way.

As to venue, Landeros Jimenez alleges that at least one of the respondent officers reside in this district and that he is being detained under the authority of the San Francisco Field Office Director.  *See* Dkt. No. ¶ 10.  He also alleges that he was placed in detention by the San Francisco Field Office of ICE Enforcement & Removal Operations and his immigration proceedings occurred in San Francisco.  Thus, venue is proper in this district and, as with jurisdiction, Respondents do not argue otherwise.

### B.    Legal Framework

Federal courts may grant a writ of habeas corpus to an individual if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

Under 8 U.S.C. § 1226(c)(1)(A), the Attorney General is required to "take into custody any alien who is inadmissible by reason of having committed any offense covered in [8 U.S.C. § 1182(a)(2),]" including, among other things, a felony relating to a controlled substance.  And detention under § 1226(c) "*must* continue 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings v. Rodriguez*, ___ U.S. ____, 138 S. Ct. 830, 844 (2018) (quoting 8 U.S.C. § 1226(a)) (emphasis in original); *see also Demore v. Hyung Joon Kim*, 538 U.S. 510, 523 (2003) ("[D]etention during deportation proceedings [is] a constitutionally valid aspect of the deportation process.").  In short, "§ 1226(c) does not on its face limit the length of the detention it authorizes." *Jennings*, 138 S. Ct. at 846.

At the same time, however, the Fifth Amendment "entitles aliens to due process of law in deportation proceedings." *Demore*, 538 U.S. at 523 (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)).  "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).  "Due process is flexible and calls for such procedural protections as the situation demands." *Id.* at 334.  In *Demore*, for example, the Supreme Court permitted mandatory prolonged detention of more than six months without a bond hearing.  538 U.S. at 531.  But it is doubtful "that any statute that allows for arbitrary prolonged detention without *any* process is constitutional . . . ." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2019) (emphasis added).  "Even where detention is permissible, however, due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 950 (9th Cir. 2008) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690

4

(2001)).

Because neither the Supreme Court nor the Ninth Circuit have decided whether prolonged detention without any bond hearing whatsoever is constitutional, the Court will apply the due process framework from *Mathews* and weigh (1) the private interest affected; (2) the risk of an erroneous deprivation of such interest and the probable value of additional procedural safeguards; and (3) the government's interest. *See Mathews*, 424 U.S. at 334–35; *see also Soto v. Sessions*, No. 18-cv-02891-EMC, 2018 WL 3619727, at *3 (N.D. Cal. July 30, 2018).

## C. Fifth Amendment Due Process

Landeros Jimenez undoubtedly has a strong liberty interest to be free from arbitrary or unreasonable imprisonment. *See Rodriguez v. Robbins*, 715 F.3d 1127, 1134 (9th Cir. 2013) (quoting *Zadvydas*, 533 U.S. at 690); *cf. Diouf v. Napolitano*, 634 F.3d 1081, 1091 (9th Cir. 2011) ("[D]etention during [a 90-day] period certainly affects aliens' interests in freedom from confinement, and requires that adequate procedural safeguards be in place to protect against the erroneous deprivation of liberty."). Respondents do not seriously contest this point.

Similarly, the risk of an erroneous deprivation of Landeros Jimenez's liberty interest is high. He has not received any bond or custody redetermination hearing during his one-year detention. Thus, the probable value of additional procedural safeguards—a bond hearing—is high, because Respondents have provided virtually no procedural safeguards at all.

As to the final *Mathews* factor, Respondents argue that Landeros Jimenez's continued detention remains constitutional because it serves an immigration purpose: to assure his presence at removal. *See* Dkt. No. 12 at 18–19, 20. The Court does not doubt that the government has a strong interest in effecting removal. *Cf. Demore*, 538 U.S. at 531 ("While the justification for 8 U.S.C. § 1226(c) is based upon the Government's concerns over the risks of flight and danger to the community . . . the ultimate purpose behind the detention is premised upon the alien's deportability.") (Kennedy, J.,

concurring).  But *Mathews* is a balancing test and "[d]ue process . . . calls for such procedural protections as the situation demands."  *Mathews*, 424 U.S. at 334.  Here, the government's asserted interest is hinged on mere speculation about Landeros Jimenez's risk of flight or dangerousness.  Although such speculation may be permissible when the detention is relatively brief (*see Demore*, 538 U.S. at 529), Landeros Jimenez's one-year detention has now exceeded the time served for his underlying conviction.  *See Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011) ("At a certain point, continued detention becomes unreasonable . . . unless the Government has justified its actions at a hearing inquiring into whether continued detention is consistent with [§ 1226(c)'s] purposes of preventing flight and dangers to the community.").

Moreover, Respondents' argument loses sight of what is at stake.  Landeros Jimenez seeks a bond hearing, not unqualified release.  Providing a bond hearing would not undercut the government's asserted interest in effecting removal.  After all, the purpose of a bond hearing is to inquire whether the alien represents a flight risk or danger to the community.  *See In re Guerra*, 24 I.&N. Dec. 37 (B.I.A. 2006).

Respondents next argue that there has been no due process violation because Landeros Jimenez's detention was caused by his own choices.  *See* Dkt. No. 12 at 20–22.  Landeros Jimenez cannot be faulted, however, for his decision to accept the assistance of counsel, his decision to appeal, or his unfortunate history of schizophrenia.  *See Masood v. Barr*, No. 19-cv-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) ("[I]t ill suits the United States to suggest that [petitioner] could shorten his detention by giving up [his appeal] rights and abandoning his asylum application.").

Accordingly, the Court finds that Landeros Jimenez's continued detention without a bond hearing violates his Fifth Amendment due process rights and GRANTS his petition.

### D.    Standard and Burden of Proof

The parties disagree as to who bears the burden to justify Landeros Jimenez's continued detention.  *See* Dkt. No. 1 at 17–18; Dkt. No. 12 at 29–31.  In *Singh v. Holder*, 638 F.3d 1196, 1203–04 (9th Cir. 2011), the Ninth Circuit placed the burden of proof on

the government and set the applicable standard of proof as clear and convincing evidence. This Court may decline to follow *Singh* only if its holding is "clearly irreconcilable" with intervening Supreme Court precedent. *See United States v. Robertson*, 875 F.3d 1281, 1291 (9th Cir. 2017). "It is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent." *Id.* (quoting *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012)).

Respondents contend that *Singh* is clearly irreconcilable with *Jennings*, 138 S. Ct. 830. The Court disagrees. Although *Jennings* criticized the Ninth Circuit's requirement that the government "provide procedural protections that go well beyond the initial bond hearing," it did so in the context of the Ninth Circuit's statutory interpretation of § 1226(c). *Jennings*, 138 S. Ct. 847–48. *Jennings* did not discuss burdens or standards of proof. Moreover, *Jennings* explicitly left open the constitutional question and the Ninth Circuit's opinion in *Singh* rests largely on constitutional considerations. *See Singh*, 638 F.3d at 1203–04; *see also Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *6–7 (N.D. Cal. Jan. 25, 2019). Thus, the Court must continue to follow *Singh*.

## III. Conclusion

The Court GRANTS Landeros Jimenez's petition as to his Fifth Amendment claim. Respondents must release Landeros Jimenez from custody or provide him with a bond hearing before an IJ within 30 days of this order. At the hearing, Respondents must justify Landeros Jimenez's continued detention by clear and convincing evidence. If the IJ does not issue a decision within 14 days of the bond hearing, Landeros Jimenez must be released from detention. The parties are ORDERED to file a joint status report by **April 1, 2020**, regarding Landeros Jimenez's detention or release.

**IT IS SO ORDERED.**

Dated: January 30, 2020

_____

NATHANAEL M. COUSINS
United States Magistrate Judge